COMMONWEALTH *vs.* INTOXICATING LIQUORS, Henry C. Gibson & others, claimants.

One who has not appeared to claim intoxicating liquors seized on a complaint under the St. of 1869, *c.* 415, § 44, until after the Superior Court has adjudged them forfeited and ordered them destroyed, cannot appeal from such order.

COMPLAINT, under the St. of 1869, *c.* 415, § 44, alleging the keeping of intoxicating liquors in a house at Bolton, by an unknown person, for the purpose of sale contrary to law, and praying for a searchwarrant. The warrant was issued, and the liquors seized ; and notice was issued to the unknown person, and all other persons claiming any interest in the liquors, to appear at January term 1872 of the Superior Court. At that term, no person appearing to claim the liquors, on February 1, 1872, a default was entered, and the court adjudged that the liquors were forfeited and ordered them destroyed. Afterwards during the same term Henry C. Gibson, Andrew M. Moore and Joseph F. Sennot appeared, claiming the liquors, and appealed from the order of the court.

*F. A. Gaskill,* (*G. F. Verry* with him,) for the claimants.

*C. R. Train,* Attorney General, for the Commonwealth.

COLT, J. The claimants failed to appear and make claim to the liquors seized. They were defaulted and never became parties to the proceedings. They cannot come in, after a judgment of forfeiture, and appeal from an order of the court under the St of 1869, *c.* 415, § 52, directing the disposition to be made of the forfeited property, or from the judgment of forfeiture. The order for the destruction of the liquors was not a " judgment founded on matter of law apparent on the record " from which an appeal can be taken. And the claimants not having been admitted to prosecute their claim, were not parties aggrieved by the order. Gen. Sts. *c.* 114, § 10.

It does not appear that the St. of 1872, *c.* 304, repealing the provision, had then taken effect. *Appeal dismissed.*